**Wade MCCOLLOUGH, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,* Commissioner of Social Security; et al., Defendants—Appellees.**

No. 07–35047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Sept. 7, 2007.

Paul B. Eaglin, Esq., Eaglin Law Office, Fairbanks, AK, for Plaintiff–Appellant.

David M. Blume, Esq., Social Security Administration, Seattle, WA, for Defendants–Appellees.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

MEMORANDUM **

Wade McCollough appeals the district court's order affirming the Commissioner's final decision denying him disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401–34, 1381–83f. We have jurisdiction under 28 U.S.C. § 1291, and we reverse.

We review *de novo* the district court's order affirming the Commissioner's denial of benefits. *Webb v. Barnhart,* 433 F.3d 683, 685–86 (9th Cir.2005). We affirm the ALJ's determination so long as the ALJ applied the correct legal standards and substantial evidence supports the decision. *Id.* at 686.

We conclude that substantial evidence does not support the ALJ's determination

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

at Step 2 of the sequential analysis that McCollough did not suffer any severe medical impairments that limited his ability to work. The ALJ improperly relied on McCollough's asserted somatic dysfunction to find that his claims of pain and symptoms were exaggerated, and therefore not credible. McCollough's somatic condition, however, supports the opposite conclusion. *Cf. Carradine v. Barnhart,* 360 F.3d 751, 754 (7th Cir.2004) ("If pain is disabling, the fact that its source is purely psychological does not disentitle the applicant to benefits.... The question whether the experience is more acute because of a psychiatric condition is different from the question whether the applicant is pretending to experience pain, or more pain than she actually feels. The pain is genuine in the first, the psychiatric case, though fabricated in the second."). Therefore, the ALJ should have continued the sequential analysis beyond step two.

**REVERSED** and **REMANDED.**